UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-591-GCM
(3:05-cr-294-GCM-1)

| | |
|---|---|
| TIDO MAURICE THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1), and on Respondent's Motion to Dismiss, (Doc. No. 2). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore grants Respondent's Motion to Dismiss and dismisses the Motion to Vacate.

Petitioner filed the pending Motion to Vacate on November 16, 2011, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:05-cr-294. In his underlying criminal case, Petitioner was charged in a second superseding indictment on June 27, 2007, with various drug and gun offenses in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. §§ 2, 922(g)(1), 924(c)(1), and 924(o). (Crim. No. 3:05-cr-294, Doc. No. 148). On August 31, 2007, the Government filed an Amended Information pursuant to 21 U.S.C. § 851, notifying Petitioner that the Government intended to rely on his prior felony drug conviction for purposes of sentencing. (Id., Doc. No. 167). On September 11, 2007, Petitioner pled guilty to possession with intent to distribute cocaine base and aiding and abetting said offense in violation of 21

U.S.C. § 841(a)(1), § 841(b)(1)(A), and 18 U.S.C. § 2, in exchange for the Government's dismissal of the remaining counts. (Id., Doc. No. 176).

On February 13, 2008, the Court sentenced Petitioner to 120 months imprisonment. Petitioner did not appeal. On February 25, 2010, Petitioner filed a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Id., Doc. No. 256: 3:10cv74). On June 10, 2010, this Court granted the Government's motion to dismiss Petitioner's motion to vacate as untimely. (Id., Doc. No. 257). On November 16, 2011, filed the pending motion to vacate, in which he contends that his sentence is unlawful under Simmons. Petitioner also contends that his motion is timely under 28 U.S.C. § 2255(f)(3), because it relies on a new right recognized by the Supreme Court in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must obtain permission from the appropriate court of appeals before he may file a second (or third) motion under § 2255. 28 U.S.C. § 2255(h). Petitioner has not offered any evidence that he has obtained the necessary authorization from the Fourth Circuit to file his latest petition. Accordingly, this Court is without jurisdiction to consider the merits of Petitioner's motion.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that the failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of the jurisdiction to consider the second or successive petition "in the first place"). Therefore, the Court will grant Respondent's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that

---

[1] Respondent notes in its motion to dismiss that, in any event, Petitioner's sentence of 120 months was well within the statutory maximum of 480 months that would have applied in the absence of the enhancement under 21 U.S.C. §§ 841(b) and 851. Thus, it appears that Petitioner would have no relief under Simmons even if the Court had jurisdiction to address the merits of his claims. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) (King, J., dissenting).

1. Respondent's Motion to Dismiss (Doc. No. 2), is **GRANTED**, and Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a second or successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: December 4, 2012

Graham C. Mullen
United States District Judge